# EXHIBIT H

2026 WL 184598
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.

Christopher J. CORDOVA, Plaintiff;

v.

Jonathan HUNEAULT, et al., Defendants.

Case No. 25-cv-04685-VKD
|
Signed January 23, 2026



**Holdings:** The District Court, Virginia K. DeMarchi, United States Magistrate Judge, held that:

incorporation by reference doctrine did not permit Court to consider declaration and exhibits;

operator's allegations were sufficient to state misrepresentation;

operator could not assert claim for copyright against owners as to videos at issue;

operator had statutory standing to bring claim alleging violation of statute that prohibits circumvention of technological measure that effectively controls access to protected work;

operator adequately pleaded technological measures to video that effectively controlled ac...

operator plausibly alleged t... website's technological measu... operator's videos;

Motion granted in part and den...

Procedural Posture(s): Motion to Dismiss; ... State a Claim.

**Attorneys and Law Firms**

Randall Scott Newman, Randall... NY, for Plaintiff.

Steven C. ... The Law Offices of S... PC, San Francisco, CA, for Def...

ORDER GRANTING IN PART AND D... PART DEFENDANTS HUNEAULT'S AN... CANADA INC.'S MOTION TO DISMIS... AND 4

Re: Dkt. No. 43

Virginia K. DeMarchi, United States Magis...

*1 Plaintiff Christopher J. C... asserting four claims against... Nneka Ohiri, and 14693663 Can... Defendants Mr. Hu... to dismiss claims 2, 3, and ... pursuant to Federal Rule of Civ. P... 43. Mr. Cordova opposes the mo... is deemed suitable for determi... Civil L.R. 7-1(b).

Upon consideration of the mov... Court grants in part and denie...

**I. BACKGROUND**

## A. Procedural History

Mr. Cordova initiated this action on June 3, 2025. Dkt. No. 1. On [August 30, 2025, he] filed an amended complaint [...] adding [...] Dkt. No. 20. On November 3, 2025, Mr. Cordova [filed the] operative complaint, titled "[...] Canada Inc."[2] [against ...] Dkt. No. 39.

On November 24, 2025, Mr. Huneault [moved] to dismiss claims 2, 3, and 4 [and 6 in] the first amended complaint (FAC) Dkt. No. 43-1. Ms. Ohiri did not join the motion or otherwise respond to the [FAC]. [On December ...,] Mr. Cordova filed a motion [for entry of default] against Ms. Ohiri. Dkt. No. 47. [The] parties jointly submitted [a "stipulation for the] entry of default" and agreed that [Ms. Ohiri would file] an answer to the FAC. Dkt. No. [52]. [The clerk] entered default against Ms. [Ohiri, granted the] parties' stipulated request [and denied] plaintiff's motion for entry [of default] and deemed the motion for [default withdrawn. Dkt.] No. 53. Pursuant to the parties' stipulation, [ordered] Ms. Ohiri to file an answer to the FAC by January 6, 2026.

On January 6, 2026, while this motion [was pending], all defendants, including Mr. Huneault [filed] an answer to the FAC. Dkt. [No. 57.] advised that they do not wil[l ...] Inc.'s motion to dismiss. See Dkt. No. 59.

## B. Mr. Cordova's Claims

According to the FAC, Mr. Cordova [...] creates content for a YouTube channel [...] Audits." Dkt. No. 39 ¶ 17. "Mr. Huneault [...] and operate the YouTube channel" [...] Id. ¶¶ 19, 20. Canada Inc. is a [Canadian] corporation [owned] and controlled by Mr. Huneault and Ms. Ohiri [...] co-owner or operating entity of the [...] Id. ¶ 21.

*2 According to the FAC, Mr. Cordova [owns] copyrights in three videos [...] 16, 2022, Mr. Cordova [published] a video titled [...] Exposed!!! Worthless [...] Chad on his YouTube [channel ...]

[copyright ...] in their Chad for a [...] February 6, [...] Id. ¶ 42. On October 1, 2023, Mr. [...] via [a contract] against [...] Mr. Huneault br[ought ...]. On August 30, 2025, Mr. Cordov[a ...] channel. ¶ 43. He obtained [a copyright] registration [...] ¶ 44. On Feb[ruary ...] 2022, Mr. Cordova published a [video titled ...] Courthouse Fail!!! Threatened [to arrest ...] not one officer there[...] ¶ 45. He [...] Huneault obtain[ed] a Canada Company [...].

The FAC alleges that between [...] 2023, [...] containing [...] December 22, 2023, originally [...] including the videos [the copyrights] of another Chad., Bachorowit[z ...] without [...]. As Cordova's [work ...]. In addition, Mr. Cordova alleges [that] defendants used various [...] technological measures which [were] unauthorized applying the [takedown] copies of Mr. Cordova's video[s]. See ¶¶ 35–40.

[Between] June 2023 and October 2023 [...] twelve Digital Millennium Copyright notices [to] YouTube requesting [that ...] YouTube remove and revert [...] Id. ¶ 60. Thereafter, defendant[s ...] notices to YouTube, pursuant [to] [§ 512] seeking reinstatement of nine [...].

Mr. Cordova alleges that the [defendants' ...] [channel ...] "Denied Mr. [...] Huneault and" Ms. Ohiri [...] "Fair use of Chan[nel ...] because Canada [corporation ...] Huneault and Ms. Ohiri had attempted [...] [the ...] for Todd Chad [...] counter-notices contained the [...] in New York, New York. Id. ¶ 62. According [...] YouTube removed instated a video [...] pursuant in this matter. ¶ 64. On [...]

Another Calendar, Library Univision Crofive a motion to dismiss... § 501(2) misrepresentation ... in violation S. Cf. §512(f) ... defendants' Courthouse should ... qualify as ... Su; Cean ... circumvention of technological measures ... U.S.C. § ... 1201(a) ... 123. Mr. Co... injunctive relief, declaratory relief, and attorneys' f... costs at 24-25.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the claims. Navarro, v. ... 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is ... an absence of sufficient facts alleged to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) ... material allegations in the complaint must be ... construed in the light most favorable to the ...

*3 However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Moreover, the Court is not required to ... conclusions merely because they are cast in the form of factual allegations. Prager Univ. v. Google LLC, No. ...-LHK, 2018 WL 1471939, at *3 (N.D. ... (quoting Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. ... 536 F.3d 1049, 1055 (9th Cir. 2008) (reading)

Rule 8(a)(2) requires only ... the claim showing that the pleader ... R. Civ. P. 8(a)(2). That means that the ... factual allegations ... must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555, 127 S.Ct. 1955 ... omitted). However, only plausible claims ...

### B. Judicial Notice / Incorporation

A court generally may not consider the pleadings when ruling on a 12(b)(6) motion ... matters outside the pleadings ... must be treated as one for summary judgment. Fed. R. Civ. ... 56 ... (9th Cir. 2001). However, a court may consider matters that are "capable of ... by resort to" sources whose accuracy ... without converting ... summary judgment ... Khoja v. Orexigen Therapeutics, 899 F.3d 988, 998 (9th Cir. 2018) ... Richard Feiner & Co. ... F.2d 1542, ... Cir. 1990)

Defendants move pursuant to Rule 12(b) to dismiss ... in the form of a ... No. 43-1. They ask the Court to ... other materials filed with Dkt. ...

#### i. Request for Consideration

Defendants ask the Court to consider ... "an exhibit items in the ... Dkt. No. 43-1 or 42-1 ... factual allegations ... Pro ... Call ... F.3d ... for Troll Channel ... plausible claims for relief the with ...

Channel watches the most; (3) Cordova documents with various individuals' information, including protected email addresses and phone numbers, and email addresses. And Dkt. (24)(N)(a)(n)2 ... 2022 email exchange between ... attempts and liability ... viewer. Dkt. Nos. 43-3, 43-4 to ... Dave argues that Mr. Huneault's Counterclaims ... exhibits may not ... Rule 12(b)(6) ... because those documents "are not integral ... incorporated by reference, and documents subject to ... notice." Dkt. No. 46 at 7. Defendants' ... not ask the Court to take judicial notice of these documents rather, they argue that the Court may properly consider ... documents under the incorporation ... Dkt. No. 54 at 3-4.

*4 A document may be deemed ... incorporated into ... and therefore part of the ... Dkt. No. 46 at ... extensively to the document under the ... of the plaintiff's ... plausibly showing (1) that the United States v. Ritchie, 342 F.3d 903, 907–08 (9th Cir. 2003) ... However, "the mere mention of the existence of ... insufficient to incorporate the documents ... Settlement, 593 F.3d ... 1031, 1038 (9th Cir. 2010) ... (citing Ritchie, 342 F.3d at 908-09 ... See Automattic, Inc. v. Steiner ...

Defendants argue that the Court may consider the ... and four exhibits because "Mr. Cordova's ... DMCA] counternotices by their ... the complaint." Dkt. No. 54 at 3. ... misapprehends the incorporation ... Although that doctrine ... DMCA counter-notices ... not ask the Court to consider the ... the exhibits defendants ask ... basis of Mr. Cordova's ... in the FAC. The Court therefore declines to consider the material ... See Khoja, 899 F.3d at 1002 ... merely creates a defense to the FAC ... complaint, then that document ... basis of the complaint. Otherwise, a ... the doctrine to insert their own version of events into ... complaint to defeat otherwise cognizable claims ... his § 512(f)(1)(a)(2).

B. Claim 2: Misrepresentation in DMCA Counter-Notices

To the extent defendants ask the ... law that defendants' use of ...

in their own videos posted video on el oot. Me. Fr Cao u dio t var a Tr l e gles C htahman constitutes "faisre Dk st e." No f. atdAv3 i tc1ec, and tee fn etn, dants' videos rep 2-3, the Court denies the Amo t t ihe m 662h%odu m f it s h o; p oae m oF 3 8e1l a%n aor s f uc determination would requir lei btr h aer ¶9 o u 4r 8 t, t5 oO, r e 5s 4o l v T eh u d s i s p ue t questionS ek oa fr p fe ar c t & Row Pub Huns e h a ur l s t,' s l m a d. v i c.e to others re Nation, E A7 t er U. S. 539, 549, of 5 6 0 he 1 6 5 i f. Cu t s e 2d 2 o 1 c 8 t, r i 8 n 5 e, Mr. L. Ed. 2d 5 8 3 a i (r 1 9 8 5 e ) is "a m i a x l e l d e g q a p u t è s o t n i s o i n o n d fi c l a a t w e a c h e d f e n d a n fact" that "requires a casteh-a b t y - t c h a si e r d v e it d e e or m si n á a l b n of v w h ev t h h particular Moun s g e ivs f Mai y ra", ) M é 8 6 83r zii g n i e ns a l I vn ic d e o) are entitled t F. 3d 1164, 117 (Of a (i 9 rt h us Cei ri. s 2h0 1a s 2 ts h a i e kx e e. f ¶ dq 5 u 7r s st eP e 7 oò r n D n tk. st 1 o 3 ; No. 46 a of law a s nt d e b fo a i n t s," ) W No. P o 21 1 a - n c o v - 0 4 1 8 4 - J S C, 2021 WL 2682339, at * 3 ( q (u N o t D i. 6 n g C m a l a. d d J iu t n i e o n 3, 0, t h 2 e0 2 F 1A) C alleges Leadsinger, Inc., v 5. 1 2 B M G 3 M u s Þ d 2i a c, y, P d 5 e 5 b f l C o' e n n g 9 d 'a t n h t s submitted eight Cir.) 2 0 0 8 )r use is "[ t ] y p i c a l s l u s y e, c o M h r s. i d He ur n e e d a u al t t t e h m ea i s l u em d n h a M judgment stage" and may on " I t y a l l b ke e d c o dt ro si a d e l r a e w d y e o ñ a n d m o d c t è m o a n n to dismiss "where no mater N io a l 3 f 9a c ¶ t s 6 7a re Mr i n H d oi n s p a u t ë" )a l s Court will address only wh e t th h e e r v i M c d r e.o s C o w r id l ol v a b e h a r s e i p n l s e t d a t f e a d c t allegations that plausibl y n o st u i p f o p i o c r a t t i h o ld n s l s n c s l a y a s i s t me p m t a hr" a t t e d e e f m e a n i "knowingly" misrepresented d a th e a t t M h h e ei i H r u ne i d e a l u b st o w re e r t e h r g e e d n m o y v e by mistake because they are l p c r o o o u t n e tc t e e rd v e o b er y t h s et r f i a ik e and d t o he it could penall i c d z.¶ ¶ 6 o u r T b h a n a m F RA é

Defendants argue that Mr. C a o d r l e o g v e a s m i n u hs a t t p d m e a u l d u l f y a 6 c 5 s. 2 h0 a2 3v i that defendants "actually d k i n s e c u w s' s s t h ie n g i r M r u se e C o or f dh o e v s a h t e em n a k é Mr. Cordova's videos was u o d l u a n w t f e u r l - n o D t k i t c. e s N o. i n m4 a3 w l h iï c a h l t T h e response, Mr. Cordova point o c u n t b e a l m h e g d a f i o a n t s i é o b n s t h e. F A C Pl t he contends show that defe n th d e a n n t t i s t k g n e e t w s t h r e e e i i r n s t r a v t i a t e d m e o n d t t s.¶ l.w e r l e not protected by the fair 6 9. e Mu o c t Ci m o n e t o a v n a d r a h g a r u g e t s h e a e n i d r a d c representations to YouTube c i o n u m l p d t h è e i r w i c t oh u n d e f e n d ra a t n e ic n s e' s w m e i s r e made in good faith. Dkt. N o s c e r v. i4 6e a a t t d d 1 r O e- s s 1 l. an T d h re e r Ce o n u t r t i o h a carefully examined the a l l ve i g e a w ti e o d n t s h e i n t D h M e C A e c t 6 A a n t d n c a a t ir t g c e e that Mr. Cordova has adequa b t e o l a y b t a l i l n e g a u e t d o f a m c a t tsi c s f r r oe im m s t w h a i t c l h reasonable inference may b e k n d o r w a i w n g t h h a t t d f e a f l e s n e d a a n st s e r t r h a i n s representations were false u a n m cd a h m ma a d de e g i ñ l b a d de f a oi t t h h d e b u r d é ¶ ¶ 68, 71, 97, 104; Dkt. No. 4

According to the FAC, in May 2022, defendants published video on the Fraud H o w vr tT o r u D th b e & h C a h n g e n a e l l t r i d t è a l e o d n á' b l e i n f e r e n Use Properly and Avoi d. K C ò l d py p Cu r oi 3 g u h 9 t ¶ c c5 o 5 nr c i l k u ed s e.s that the alleg Mr. Cordova alleges that i n to t h s a t a t v a i t d e i o e, c l a Mr m r. o H f u m é 7i s r u U l s e t S r i e ö G s s viewers on how to make c om n 6 e 5 1 2 n (w i )t (h2 ) r e o s s p c e h c t a t t o d re e f" e 1 n 0 d 0 a m% safe f a i dr ¶ u5 6 s e. "The instru c h t i b o t in Se e k s h n o p u d e r i e n s 3 O 9r C in F g i S r n u g p p. commentary "about 40 secon d 1 s 4 8 t o 6 N. e. D V. e r f( y ò e h l m y i n 2 u t 1e m) oS f t d o i fo 1 h t n 2 f( h t f e e) original video]," using l e n r( g2 )t c h l y a i i m n t wi h r o e d e u r c c ti oi p o ny s r i a g n h d t c o o w v n e c r l u r u interspersing other clips a t o l e' g j i a n t c ir e n a m s s e h t h h a e n t e a p c r o o up s o e r d t i i o o n f r o i that is something else th a b n e l lo d n e f é s p o e r c s i ft a i c t e v m i e d n e t o, i ñ a D M m C A u s "less than fifty pl e ed r M c e. n nt H u o o n f e a a u ds o t p m m c u i n f i ic c a t v i i o d n e o s. b" e tw e en copy further advises his v i e w e r i s n f t r h Si a t g h a e n d j e e v i s N o o u m 2 l 2d k e ly v 0 5 i 8n 2 f1 r i g copyright strike," if he o l s Wh Le 2 s e 3 " 0 "6 o 2r n 8l 4 y, u st a [ e 3 s 4 ] 3 1 % ( D o b ef n Cy s a i d m ge

motion to dismiss claim where ... the Declaratory Judgment Act ... alleged, among other things ... of a contempt where ... company comments of a high-ranking company official ... suggesting that company ... did ... believe accused material was ... Cherry, No. 2:... (... 2022) '[D]eclaratory relief is ...

The authority on which defendants ... rely, does not support a contrary conclusion. As Mr. Cordova observes, each of defendants' cases addressed questions of fair use and ... knowing misrepresentment ... judgment at the ... pleading stage. See Restasis, 9.1 F.3d ... (Wet ...); see Capkologer v., ... district court's grant to convert summary judgment ... 815 F.3d (same); Lenz, 2.7 6 F.Supp.(1)d ... (dismissing claim for dec- at 3 9. Before the Court are ... declaratory motions for summary judgment ... the Ninth Circuit ... plaintiff's complaint otherwise ... in that ... must "determine whether a defendant could be gran... actions were sufficient to form a subjective good faith ... about the video's fair use ... Lenz, 815 F.3d ... Cordova concedes he does n... 1154 (emphasis ... added); "[T]he questions of ... Dkt. No. 39 ¶ 45 ... whether the analysis [defendant] did ... not ... offer ... evidence ... sufficient ... to form a subjective ... infringing material ... video was infringing ... Seer th.e C. Ent... Fro r 4 nhol t (East).this Pub. Be... court ... (emphasis added). Wall-Street.com, LLC, 2 96, 301, ... L.Ed.2d 7 47 (2019) ... appears that Mr. ...

*7 Accordingly, the Court ... considered the ... dismiss claim 2. ... respect to ... Courthouse ... a claim for dec ... rather than a claim for ... Copyright ... Docket ...
No. 39 ¶¶ 85-93 (claim ...

C. Claim 3: Declaratory Relief ... Chad Belmar) ... ¶¶ 107-112 (cl...
The FAC asserts a claim for "declaratory relief" ... with ... to Mr. Cordova's ... Counterclaim, Dkt. ... video ... authority that would ... No. 39 ¶¶ 107-112. "Plaintiff ... circumstances ... declar... that [d]efendants' use of ... pursues ... fair use is an affir... as fair use ... and ... injunction ... copyright ... Docket No. 46 at 9. requiring YouTube to remove the video ... judgment ... generally may not ... and prevent ... Defendants move to ... affirmative defense. Grp. LLC v ... dismiss this claim on the ground that ... Mr. Cordova seeks ... LLC, No. 19-cv-0474-VKD, 2021 ... declaratory judgment "for the sole purposes of seeking ... Cal. Jan. (...) ("dismissal of decl... attorney fees, where it cannot [do] ... intended to ... and dismiss an affir... copyright registration mandating ... particularly where ... a ... prejudic... Dkt. No. 43-1 at 8. Mr. Cordova responds that there is ... affirmative defense ... order ... "concrete, ongoing controversy ... dismiss ... plaintiff's ... other clai... the authority of the Declaratory Judgment Act, 28 U.S.C. § ... 2201 because defendants' allegedly infringing video remains ... *8 they ... infringing video ... match ... on the Frauditor Troll Channel. ... Dkt. No. 46 at 14. claim for which ... might be en... sought in claim 3 ... without reach ...

Accordingly, the Court grants the defendant's motion to dismiss claim 3.

**D. Claim 4: Circumvention of Technological Measures**
Mr. Cordova asserts a claim for unlawful circumvention of technological measures, in violation of 17 U.S.C. § 1201. Dkt. No. 39 ¶¶ 113-123. Defendants argue the claim should be dismissed on two grounds: (1) lack of standing; and (2) failure to adequately allege that defendants circumvented any technological measure. Dkt. No. 43-1 at 8-10.

Section 1201(a)(1) prohibits the circumvention of any technological measure that "effectively controls access" to a protected work. 17 U.S.C. § 1201(a)(1)(A); *MDY Indus., LLC v. Blizzard Entm't*, 629 F.3d 928, 943-44 (9th Cir.), as amended on denial of reh'g (Feb. 17, 2010), opinion amended and superseded on denial of reh'g, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011). To state a claim, a plaintiff must plausibly allege that "(i) the work at issue was protected under the Copyright Act, (ii) the copyrighted work was protected by a 'technological measure,' and (iii) the technological measure was 'circumvented' ... copyrighted work." *CBX Corp., LLC v. Telxon Corp.*, No. cv-01394-JSC, 2025 WL 1939951 at *8 (N.D. Cal. July 15, 2025) (quoting *Sling.tv, Inc. v. ...*, No. 21-cv-... MEMF (MARx), 2023 WL 3602806, at *4 (C.D. Cal. May 22, 2023)).

The Court first considers defendants' argument that Mr. Cordova lacks statutory standing to bring § 1203(a). This argument lacks merit. ... a civil action in an appropriate United States district ... for such violation. See 17 U.S.C. § 1203(a); *DRM LLC v. Seven78 Media*, ... Supp.3d 1025, 1031 (N.D. Cal. 2025) (noting that ... Ninth Circuit have concluded that ... violation of section 1201 may bring ... violation, even where that person was not the copyright owner or holder."). Defendants cite no ... Because Mr. Cordova alleges injury ... alleged circumvention of technological measures protecting his copyrighted works, he has plausibly alleged statutory standing.

**1. Technological measures**
The DMCA defines a "technological measure" that "effectively controls access to a work" as one that, "in the ordinary course of its operation ... of information," or a process ... authority of the copyright owner ... work." 17 U.S.C. § 1201(a)(3)(B). Cordova alleges YouTube "automatically applied ... to published videos" that ... unauthorized copying or downloading ... videos. Dkt. No. 39 ¶ 116. The ... technological measures include ... which is "software designed ... downloading d.l4.video.tl ... thioss.technol' ... and dynamically alters the vid... prevent unauthorized downloads...

*9 Citing *MDY Indus.*, defendants argue that Mr. Cordova's claim fails and YouTube ... do not "effectively control a ... videos are publicly available ... Defendants ... Nim... Circuit United States distri... The statutory definition of ... access to a "work" does not r... measure ... any ... person injured b... requires an access control me... person was not the copyright ... district court that observed, ... injury means that defendants' ... technological measures prote... would plausibly allege statut... the application of the statut...

thwart circumvention, but … measures that can be circumvented … MDY Indus. … 629 F.3d … (quoting … ) … Studios v. … F. Supp. 2d 296, 318 (S.D.N.Y. 2000)

\*10 Defendants argue that the … Mr. Cordova has adequately alleged … that YouTube … applies technological measures … "screen-recording technology" designed to prevent unauthorized … downloading … to videos published on its platform … Mr. Cordova effectively … access to his videos … § 1201(a) … Whether or not such [tools were] u … the videos may be viewed by the public is immaterial; the FAC refers to technological measures … Defendants misunderstand … unauthorized downloading. Moreover, courts have concluded … allegations similar to those in the FAC, at a motion to dismiss … that restrict access to downloadable files … sufficient … purposes of the § 1201(a) element … data on which those tools … Yout, LLC v. Recording Indus. Ass'n of Am. … As noted … Supp. 3d 650, 665 (finding … and weigh defendants … that YouTube's technological protection measure restricts … access to downloadable files" sufficient at pleading st… Edland v. Basin Elec. Power Coop. … reasonable infer… 2021 WL 3080225, at \*6 (D. … this Court concludes that the … dismissal of … 1201(a)(1)(A) where plaintiff … circumvented YouTub… alleged that "YouTube has many [technological … measures] to prevent unauthorized … distribution of … video content … § 1201(a)(1) … Kurbanov, No. 18-cv-957-CMH TCB, 2021 WL 6492907, at \*4, 7 (E.D. Va. … finding … plaintiff … denying defendants' motion… alleged … 1201(a) claim where plaintiff alleged YouTube's technological protection measures included "rolling cipher protections"), and recommendation adopted, No. 18-cv-957, 2022 WL 20417526 (E.D. Va. Feb. 10, 2022)

## IV. CONCLUSION

For the reasons discussed above … and denies in part defendants' … follows:

## 2. Circumvention

The DMCA provides that "to 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A). According to the FAC, defendants circumvented YouTube's technological measures by using "software applications, ripping utilities, or browser extensions specifically designed to bypass" YouTube's technological measures. Dkt. No. 39…

(1) the motion to dismiss clai…

(2) the motion to dismiss clai…

As defendants have already ans… no further response to that pl…

IT IS SO ORDERED.

Footnotes

1    All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 34, 56.

2    Technically, the operative complaint is Mr. Cordova's "second" amended complaint. *See* Dkt. No. 39 at 2 n.1. However, to avoid confusion, the Court refers to it as the "first amended complaint," consistent with its title and the parties' briefing.

3    Defendants Mr. Huneault and Canada Inc. purport to "incorporate[ ] ... by reference" Mr. Huneault's October 13, 2025 motion to dismiss (Dkt. No. 29), which has since been withdrawn. Dkt. No. 36 at 2. This is improper. *See* Civil L.R. 7-2(b) ("In one filed document not exceeding 25 pages in length, a motion must contain ... the points and authorities in support of the motion ...."). The Court does not consider the withdrawn motion.

4    For simplicity, the Court refers to the moving defendants, Mr. Huneault and Canada Inc., as "defendants," but in so doing does not include Ms. Ohiri, who has not joined the motion.

5    The Court does not consider defendants' belated challenges to other misrepresentations in the FAC (*i.e.*, that defendants had hired legal counsel and included a false address in the counter-notices) because defendants' arguments in support of dismissal as to these alleged misrepresentations were made for the first time in their reply brief. *See* Dkt. No. 54 at 4-6; *see, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). In any event, Mr. Cordova explains in his opposition that these other alleged misrepresentations "are not themselves the misrepresentation that triggers § 512(f) liability, but they are relevant to whether Defendants approached the Counter-Notice process with any regard for truth or accuracy." Dkt. No. 46 at 11.

6    Defendants misrepresent *Hosseinzadeh* as a decision on a motion to dismiss at the pleading stage. *See* Dkt. No. 43-1 at 6-7. It is not. Nor was the district court's decision affirmed on appeal, as defendants contend. *See id.* In their reply, defendants continue to refer to a "Second Circuit" decision cited and described as "*Hosseinzadeh v. Klein*, 900 F.3d 39, 50-51 [sic] (finding fair use as a matter of law)." Dkt. No. 54 at 9. The Court can locate no such decision. Defendants say that the mischaracterization of *Hosseinzadeh* and its appellate history in their opening motion was a "simple mistake," *id.* at 9, but they do not explain why they *repeat the same mistake in their reply.*

7    To the extent defendants suggest that Mr. Cordova may not assert a claim for violation of § 512(f)(2) because he had not obtained copyright registrations for any of the videos corresponding to the counter-notices at the time the counter-notices were submitted to YouTube, *see* Dkt. No. 43-1 at 7, defendants cite no authority for this proposition, and it is inconsistent with the plain language of the statute.

8    As the *City of Reno* court observed, "[a] plaintiff's inability to rely on the Declaratory Judgment Act to obtain affirmative relief where no cause of action otherwise exists contrasts with the well-established availability of the Act for defensive use against anticipated claims." *City of Reno*, 52 F.4th at 879. Here, claim 3 seeks affirmative relief against defendants.

9    The statute includes some limited exceptions to the registration requirement for live broadcasts and works preregistered with the Copyright Office before distribution. *See Fourth Est.*, 586 U.S. at 301, 139 S.Ct. 881; 17 U.S.C. §§ 408(f), 411(c). However, there is no indication that these exceptions apply here.

10   The Court addresses a motion to dismiss for lack of statutory standing under Rule 12(b)(6). *See ChowNow, Inc. v. Owner.com*, No. 25-cv-07315-VKD, 2026 WL 125612, at *5 (N.D. Cal. Jan. 16, 2026).

© 2026 Thomson Reuters. No claim to original U.S. Government Works.