Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Little Joe Lageman, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Adrian Nicolas Ortiz Samaniego and Jane Doe Samaniego, a married couple; Diego Santana and Jane Doe Santana, a married couple; Officer Rodriguez # 10345 and Jane Doe Rodriguez, a married couple; and, John and Jane Does I-X,<br><br>Defendants. | No.: CV-26-02779-PHX-ROS (ASB)<br><br>**PLAINTIFFF'S MOTION TO EXTEND TIME TO SERVE OFFICER RODRIGUEZ # 10345**<br><br>(Assigned to the Honorable Roslyn O. Silver, and referred for all pretrial proceedings to the Honorable Alison S. Bachus) |

Through undersigned counsel and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff Little Joe Lageman ("Plaintiff") respectfully requests that the Court extend the time within which Defendant Officer Rodriguez # 10345 ("Rodriguez") may be served with process by two weeks, from July 21, 2026 until up to and including August 3, 2026, when he was actually and personally served. Good cause exists mandating such an extension. And even in the absence of good cause, every factor applicable to the Court's broad power to issue a discretionary extension is also present. This Motion is

supported by the relevant parts of the record and the Memorandum of Points and Authorities that follows.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    RELEVANT BACKGROUND FACTS

Plaintiff filed this lawsuit in Maricopa County Superior Court on February 3, 2026. ECF No. 1-3 at 2.  Defendant City of Phoenix ("COP") was served on March 27, 2026. ECF No. 1 at 2, ¶¶ 2, 4. COP then removed this action to the District of Arizona on April 22, 2026.  *Id.* at 1.  Accordingly, the service deadline was then extended for ninety days thereafter, until up to and including July 21, 2026.  *See Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

On April 24, 2026, counsel for Plaintiff reached out to counsel for COP to inquire if the individual Officer Defendants – Adrian Samaniego, Diego Santana, and Rodriguez – would agree to waive service.  *See* copy of email chain attached as "**Exhibit 1**" hereto, at 2. That same day, COP counsel responded that she would "ask the [individual Officers] for permission to do so," and "w[ould] get back to [Plaintiff]."  **Ex. 1** at 1. On April 29, 2026, after reaching out to each of the Officers, COP counsel stated that:

> We have been authorized to accept service on behalf of Diego Santana.  We have <u>not</u> been authorized to accept service on behalf of Erik Rodriguez.  I am waiting to hear back from Officer Samaniego.

**Ex. 1** at 1 (emphasis in original).  Accordingly, on May 10, 2026, Defendants Adrian Samaniego and Diego Santana waived service. ECF Nos. 6-7.

Plaintiff would have begun making preparations to serve the remaining Defendants, former Chief of Police Michael Sullivan ("Sullivan") and Rodriguez.  However,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

complications with this plan became apparent. Due to the fact that Sullivan was no longer the Chief of Police, Plaintiff realized he would need to substitute in the current Chief as the proper party, which would require amending the Complaint prior to completing service on either party.  And, because Plaintiff had already used his one amendment as of right, *see* ECF No. 1-3 at 41, he would have to file a motion or obtain Defendants' agreement to do so, *see* Fed. R. Civ. P. 15(a)(1)-(2). On July 6, 2026, COP counsel notified Plaintiff's counsel that she would not agree to such an amendment.  *See* email chain attached as "**Exhibit 2**" hereto, at 1.  Further complicating the picture was the fact that on June 26, 2026, during this same general period, the served Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 8, which remains pending.

In addition to the complications set forth above, during this period Plaintiff's counsel's wife received, and began undergoing rounds of chemotherapy and other treatment for, a Stage 4 cancer diagnosis.  As a result, he was out of the office for significant periods of time in May, June, and July attending to and caring for her, as well as their very young daughter.

Given all the circumstances set forth above, in mid-July, given the July 21, 2026 service deadline was rapidly approaching, and with no chance a Second Amended Complaint could be filed prior thereto, Plaintiff began preparations for serving Rodriguez with the First Amended Complaint.  His counsel prepared the service documents for service, and the process server picked them up on July 16, 2026.  *See* ECF No. 24-1, ¶ 1.

That same day, the process server went to the Encanto Phoenix Police precinct in Maryvale, where the process server believed Rodriguez to be.  *See* ECF No. 24-1, ¶ 3.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

However, it was closed. *Id.* He called the precinct and attempted to flag down police vehicles going in and out, but was unsuccessful doing either. *Id.*

The next day, the process server called the Phoenix police non-emergency number and was given an email address for Rodriguez. *Id.* ¶ 4. He then emailed Rodriguez, telling him that he needed to be served with a lawsuit and to call him, but received no response. *See id.* On July 21, 2026, the process server again emailed Rodriguez, letting him know it was his responsibility to respond and accept service. *Id.* ¶ 5.

The process server did not become aware that Rodriguez had actually responded to this email until July 28, 2026, when he happened to check his spam folder and discovered an email there from Rodriguez on July 21, 2026. *See id.* ¶ 6. In that email, Rodriguez had stated that he had to contact his legal department before responding. *Id.* The process server emailed him back, noting he had discovered the response in his spam folder. *Id.* Rodriguez then offered to meet him at the Estrella Precinct, on August 3, 2026. *See id.* Accordingly, the process server was ultimately able to personally serve Rodriguez on that date – two weeks after the current service deadline. *Id.* ¶ 7.

## II.    <u>LEGAL ARGUMENT</u>

Thus, Plaintiff seeks a relatively brief, fourteen-day extension of that deadline, in order to accommodate the personal service of Rodriguez.

"Rule 4(m) of the Federal Rules of Civil Procedure provides that 'if the plaintiff shows good cause for the failure [to serve], the court ***must*** extend the time for service for an appropriate period.'" *MLB Sales Inc. v. Rk Gems LLC*, No. CV-23-01526-PHX-DWL, at *3 (D. Ariz. Nov. 30, 2023) (emphasis added) (quoting Fed. R. Civ. P. 4(m)). Here, as

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

set forth in detail on pages 2-4 above, Plaintiff submits good cause exists in abundance to extend the time for service for an additional fourteen (14) days.  And because good cause exists for an extension, it is mandatory.

Nevertheless, even if good cause to extend the deadline does not exist, and it certainly does, "District courts also have '**broad**' . . . discretion to extend the service deadline '**even in the absence of good cause**.'"  *MLB Sales*, No. CV-23-01526-PHX-DWL, at *3 (emphasis added) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007)); *Arellano v. San Luis*, No. CV-16-03423-PHX-DGC, at *7 (D. Ariz. May 8, 2017) ("[E]ven without a showing of good cause, a district court may utilize its broad discretion to extend the time for service." (quoting *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004))); *see also Dimitrov v. Stavatti Aerospace Ltd.*, No. CV-23-00226-PHX-DJH, at *2 (D. Ariz. Oct. 12, 2023) ("District courts enjoy broad discretion when making extension decisions under Rule 4(m)." (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001))).

In exercising its considerable discretion to grant an extension request, "a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)).  Here, each of those factors strongly supports a brief fourteen-day extension.

First, most if not all of Plaintiffs' claims would arguably be barred by the statute of limitations if they had to be filed again.  The conduct of Defendants that gave rise to Plaintiff's claims occurred on March 29, 2024, *see* ECF No. 1-3 at 8, ¶ 39, which is now

more than two years ago, past the standard two-year limitation period for personal injury claims in Arizona, *see* A.R.S. § 12-542(1); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (statute of limitations for § 1983 claims in Arizona is also two years). This factor strongly supports an extension.

Second, Rodriguez would not be prejudiced by an additional fourteen (14) day service period. Frankly, it strains credulity to suppose that fourteen (14) additional days would result in any prejudice to him. This factor also strongly supports an extension.

Third, Rodriguez had actual notice of the lawsuit before the expiration of the service period. In April COP's counsel reached out to him to waive service of the First Amended Complaint, and by no later than April 29, 2026 he had not only become aware of the lawsuit, but specifically **denied** permission. *See* **Ex. 1** at 1. Additionally, on July 21, 2026, the last day of the service period, he specifically responded to the process server's email and stated he would have to check with his legal department before agreeing to be served with the Complaint. *See* ECF No. 24-1, ¶ 6. Again, this factor also strongly supports an extension.

Finally, with regard to the "eventual service" factor, Rodriguez was actually, eventually, properly, and personally, served on August 3, 2026. *See id.* ¶ 7. All four factors strongly support an extension.

### III.   **CONCLUSION**

For all the foregoing reasons, the Court should extend the period within which Rodriguez may be served with process for an additional fourteen (14) days, in accordance with the [Proposed] Order attached to and submitted concurrently herewith.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**RESPECTFULLY SUBMITTED** this 5th day of August 2026.

MILLS + WOODS LAW, PLLC


By */s/ Sean A. Woods*
   Robert T. Mills
   Sean A. Woods
   5055 North 12th Street, Suite 101
   Phoenix, AZ 85014
   *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Benjamin J. Barr
benjamin.barr@phoenix.gov
tanika.sherman@phoenix.gov
Vanessa M. Tucker
vanessa.tucker@phoenix.gov
maria.sandoval@phoenix.gov
**OFFICE OF THE CITY ATTORNEY**
**JULIE M. KRIEGH**
law.civil.minute.entries@phoenix.gov
 200 W Washington, Ste. 1300
Phoenix, AZ 85003-1611
(602) 262-6761
*Attorneys for Defendants City of Phoenix, Officer Ortiz Samaniego and Officer Santana*


  */s/ Ben Dangerfield*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

7